IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00538-EWN-CBS

SHAVO NORGREN (INDIA) PRIVATE LIMITED,

      Plaintiff,

v.

C.A. NORGREN CO., U.S.A.,

      Defendant.

## STIPULATION AND PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

The parties to this action stipulate to the following Protective Order (the "Order") to apply to documents and information produced or disclosed pursuant to discovery in this case:

1.     This Order shall be applicable to and govern all depositions, documents produced in response to requests for production, answers to interrogatories, responses to requests for admissions, tangible objects, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Civil Local Rules that any party or third party designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.     A party or third party may designate as "Confidential" any material that the party reasonably believes to constitute or include proprietary business or financial information, or personal information or information furnished to it in confidence by any third-party, which information is not known or freely accessible to the general public.

3.     Information or materials designated as "Confidential" may be disclosed to the parties for the purposes of the litigation, but must be protected against disclosure to third parties.

Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, or other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4.       A party or third party may designate as "Highly Confidential - Attorneys' Eyes Only" any material that the party reasonably and in good faith believes the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial, or business information (including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents). Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business, financial, or technical nature that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure.  Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5.       The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a)       in the case of documents, exhibits, briefs, memoranda, interrogatory

responses, responses to requests for admission, or other materials (apart from depositions or other

pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of

any document containing any confidential information or material;

        (b)     in the case of depositions or other pretrial or trial testimony: (i) by a

statement on the record, by counsel, during such deposition or other pretrial or trial proceeding

that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly

Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such

designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight

mail) to counsel of the transcript of the deposition.  The parties shall treat all deposition and other

pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes Only" hereunder until the

expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of

the deposition.  Unless so designated, any confidentiality is waived after the expiration of the

15-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for

any particular deposition or proceeding through agreement on the record at such deposition or

proceeding or otherwise by written stipulation, without further order of the Court.  If any

document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes

Only" is used during the course of a deposition, that portion of the deposition record reflecting

such confidential information shall be sealed and stamped with the designated degree of

confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective

Order.

        (c)     Notwithstanding any of the foregoing, parties or third parties may

designate material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at any time

after such material is produced.  However, the prior disclosure of material later designated as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a violation of

this Order.  In the event material is disclosed by the receiving party to a third party prior to its

designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the receiving

party shall make a reasonable effort to notify the third party of the designation, and secure the

return of such material from the third party.  If the third party refuses to return such material, the

disclosing party bears the burden of seeking appropriate relief from the Court.

   6. When a party wishes to designate as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" materials produced by another party, such designation shall be made within

thirty calendar days (30) of the production of the materials by notice to all parties and to any

third-party producing the material.  The notice shall identify the materials to be designated with

particularity (by production number or by providing other adequate identifying information).

Such notice shall be sent by facsimile and regular mail.  Upon notice of designation pursuant to

this section, all parties subject to this Protective Order receiving notice of the requested

designation of materials shall (a) make no further disclosure of the material or information

contained therein, except as allowed in this Order; (b) take reasonable steps to notify any persons

known to have possession of or access to such materials of the re-designation of any materials;

and (c) take reasonable steps to reclaim or prevent access to such material or information in the

possession or control of any person not permitted to have access under the terms of this Order.

   7. Information or material designated as "Confidential," or copies or extracts

therefrom and compilations and summaries thereof, may be disclosed, summarized, described,

characterized, or otherwise communicated or made available in whole or in part only to the

following persons:

(a)      parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)      employees of the parties, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation;

(c)      subject to the provisions of Paragraphs 9 and 10 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.  Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(d)      the Court, pursuant to Paragraph 12 herein;

(e)      court reporters employed in connection with this action;

(f)      graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(g)      non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 11 herein; and

(h)      any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 10 herein.

8.      Information or material designated as "Highly Confidential - Attorneys' Eyes

Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     parties' outside counsel of record in this action and regular and temporary employees of parties' outside counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     subject to the provisions of Paragraphs 9 and 10 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.   Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(c)     the Court, pursuant to Paragraph 12 herein;

(d)     court reporters employed in connection with this action;

(e)     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(f)     non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 11 herein; and

(g)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 10 herein.

9.      The undersigned counsel shall maintain a list of persons to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material is disclosed, and such list shall be available for inspection by the Court.  The persons receiving "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material are enjoined from disclosing it to any other person, except as permitted by this Order.

10.     A party desiring to disclose documents or things designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to outside experts or consultants under Paragraphs 7(c) or 8(b) herein shall first obtain from each expert or consultant a signed a copy of the form attached hereto as Exhibit A (the "Acknowledgment") as well as a current resume (curriculum vitae).  A copy of the Acknowledgment and resume shall be served upon counsel for the designating party with a cover letter identifying each company for whom the expert or consultant has done work in the past five (5) years, is currently engaged in doing work, and has a contract or agreement to do work in the future.  The designating party shall then have five (5) business days from receipt of the Acknowledgment, resume, and cover letter to serve a written objection to such disclosure.  Any written objection shall state with specificity the reason(s) for such objection.  Objections to disclosure shall be made only in good faith.  If counsel for the designating party objects within five (5) business days, there shall be no disclosure to such expert or consultant except by the parties' agreement or further order of the Court pursuant to resolution of a motion brought by counsel for the receiving party.  If, within the five (5) business-day period, the designating party objects to the disclosure, counsel shall consult with each other in an attempt to reach an agreement.  Failing that and for good cause shown, the party proposing the expert or consultant may file a motion seeking permission to make the disclosure.  On any such motion, the designating party shall bear the burden of showing why disclosure of "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" information to that expert or consultant should be precluded.

11. All persons listed in Paragraphs 7(c), 7(e), 7(f), 7(g), and 7(h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b), 8(d), 8(e), 8(f), and 8(g) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

12. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored. During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which appears on its face or from other documents or testimony to have been received or authored by that witness, or communicated to that witness. The designating party shall have the right to exclude all persons not authorized to have access to information and materials that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" from that portion of the deposition in which "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information is disclosed.

13. If a party wishes to submit to the Court any document or material that comprises, embodies, summarizes, discusses, or quotes from "Confidential" or "Highly Confidential -

Attorneys' Eyes Only" material, the party shall take all appropriate steps in accordance with the

Federal Rules of Civil Procedure and the Local Rules to prevent public disclosure of such

information, including placing any documents reflecting such information in a sealed envelope or

container marked on the outside with the title of the action, the case number, the title of the

document, the legend CONFIDENTIAL, and a statement substantially in the following form:

> This envelope contains document subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

14.     A party or third party shall not be obligated to challenge the propriety of a

"Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation at the time made, and

failure to do so shall not preclude a subsequent challenge. A party may challenge the other

party's designation by serving a written objection upon the producing party. The burden of

proving that the information has been properly designated as protected is on the party making

such designation. The producing party shall notify the challenging party in writing of the bases

for the asserted designation within ten (10) days after receiving any written objection. The parties

shall confer in good faith as to the validity of the designation within five (5) days after the

challenging party has received the notice of the bases for the asserted designation. To the extent

the parties are unable to reach an agreement as to the designation, the objecting party may make

an appropriate application to this Court within fifteen (15) days after conferring with the

producing party, with confidential portions thereof to be filed provisionally under seal, requesting

that specifically identified documents, information, and/or deposition testimony be excluded from

the provisions of this Protective Order or downgraded in terms of the degree of protection

provided. Failure to make an application within this period shall constitute a waiver of the

objection. Until a dispute over the asserted designation is finally resolved by the parties or the

Court, all parties and persons shall treat the information or materials in question as designated.

15.     All "Highly Confidential - Attorneys' Eyes Only" or "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in this Protective Order.

16.     All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b)     is or becomes publicly known through no fault or act of such party; or

(c)     is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

18.     In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to obtain consent of the non-party prior to disclosing such information.  If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of (a) the existence of the information, and (b) the identity of the non-party.  If possible, the producing

party may also redact the third party's confidential information to protect the third-party's interests.  Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

19.     If a party inadvertently produces "Confidential" or "Highly Confidential -Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it is obvious from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party.  As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

20.     The inadvertent disclosure of privileged or work product information does not, standing alone, waive the designating party's privilege or work product protections.  Upon discovery of inadvertently disclosed privileged or work product information, the designating party shall inform the receiving party of its recent discovery and request the return of such information. The designating party shall then return all copies, abstracts, summaries, excerpts, compilations or other form of reproduction or capturing of such information to the receiving party upon its request

21.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to

the Court on notice to the other party hereto for good cause.

22.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

23.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action.  Notwithstanding the parties' continuing obligations to comply with this Protective Order, the Court shall retain jurisdiction to enforce the terms of this order for six months after the final termination of this action, including without limitation any appeals therefrom.  Within sixty (60) days of the final resolution of all related litigation between the parties covered by this Protective Order, all "Confidential" material, all "Highly Confidential – Attorneys' Eyes Only" material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed.  Counsel and the parties shall certify in writing that they have complied with this section.

24.     In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" through such use.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order, subject to court approval.

If any party (a) is subpoenaed in another action, (b) is served with a discovery demand in

another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Once notification is given pursuant to this provision, it shall be the obligation of the party or person that designated the information or materials at issue to challenge such a subpoena, demand, or other legal process, and not the obligation of the party or person that received the subpoena, demand, or other legal process.

DATED at Denver, Colorado, this 7th day of November, 2005.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

Dated November 1, 2005                PERKINS COIE LLP

                                      /s/ Elizabeth A.Woodcock
                                      ELIZABETH A. WOODCOCK
                                      1899 Wynkoop Street, Suite 700
                                      Denver, Colorado  80202-1043
                                      Phone: (303) 291-2300
                                      Fax:  (303) 291-2400
                                      Email:  ewoodcock@perkinscoie.com

                                      PAUL ANDRE, CA Bar No. 196585
                                      LISA KOBIALKA, CA Bar No. 191404
                                      SHREYA RAMCHANDANI, CA Bar No. 232041
                                      101 Jefferson Drive
                                      Menlo Park, CA 94025-1114
                                      Phone:  (650) 838-4300
                                      Fax:  (650) 838-4350
                                      Email:  pandre@perkinscoie.com
                                              lkobialka@perkinscoie.com
                                              sramchandani@perkinscoie.com
                                      **ATTORNEYS FOR PLAINTIFF**

Dated November 1, 2005                DAVIS GRAHAM & STUBBS LLP

                                      /s/ Peter J. Krumholz
                                      PETER J. KRUMHOLZ
                                      JANET A. SAVAGE
                                      1550 17th Street, Suite 500
                                      Denver, CO 80202
                                      Phone:  (303) 892-9400
                                      Fax: (303) 893-1379
                                      Email:  janet.savage@dgslaw.com
                                              peter.krumholz@dgslaw.com
                                      **ATTORNEYS FOR DEFENDANT**

**EXHIBIT A**
**CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL**

I, _____, hereby certify my understanding that Confidential

Material is being provided to me pursuant to the terms and restrictions of the Protective Order

dated _____, in Shavo Norgren (India) Private Limited v. C.A. Norgren

CO., USA, Case No. 05-cv-00538-EWN-CBS, pending in the United States District Court for the

District of Colorado.   My address is _____. My present

occupation is _____.

I have been given a copy of that Protective Order and read it.  I agree to be bound by the

Protective Order.  I will not reveal the Confidential Material to anyone, except as allowed by the

Protective Order.  I will maintain all such Confidential Material – including copies, notes, or other

transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later

than thirty (30) days after the conclusion of this action, I will return the Confidential Material –

including copies, notes, or other transcriptions made therefrom – to the counsel who provided me

with the Confidential Material.  I hereby consent to the jurisdiction of the United States District

Court for the District of Colorado, for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, 2005, at _____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

_____